## Continental Coal Corporation v. Hounchell's Adm'r.

(Decided December 7, 1910.)

### Appeal from Bell Circuit Court.

1. Mines and Mining—Death of Miner by Falling Coal—Blasting.— Three men, Hounchell, Cole and Miller, applied for work in a coal mine where a new entry had been cut, but was not high enough, and the miners were blasting down the roof to make it higher. The miners in that part of the mine began coming through the entry in going out, but the boss warned them that it was dangerous, as he was constantly blasting, so they would "holler" when they approached and go through after giving notice of their approach. Miller was taken by the boss to see his brother, who was working in the mine, and said that that was the nearest way out and that they could go out from there through the new entry, and pointed in that direction and told them to go out there. After they got to where Miller's brother was at work, the boss left and told them to go out by way of the new entry, but gave them no warning of danger there, although he knew of the blasting and the danger in going out that way, and further told them that when they got through the curtain at the new entry they could see daylight, and would have no trouble. After staying with Miller's brother for awhile, they started out, and as they were passing along the entry, Miller, who was in front, saw a light waving in front of them and heard noises, but not knowing what it meant, went on. The fact was, that just as they entered the entry, a fuse was lighted to set off a blast, and when they got opposite the place it went off, throwing down a mass of rock, which killed Hounchell and Cole, and injured Miller, though slightly.

2. Danger—Absence of Warning—Lookout Required.—In a suit by

Hounchell's administrator for his death he was allowed $3,000 00 in damages. Held, that if these men had been warned of their danger they would have understood what the lights meant. After what had occurred between them and the boss, they would naturally not be on a lookout for danger.

3. Negligence—Presumption—Contributory Negligence.—The law does not presume negligence, and we cannot say from the evidence that Hounshell should, as a matter of law, be held guilty of contributory negligence, for it may be that he neither saw nor heard any of the signals, and it is reasonably certain from the evidence that he did not understand them, and on the whole record we cannot say that the verdict was against the evidence.

D. B. LOGAN for appellant.

W. T. DAVIS, B. B. GOLDEN, W. E. EVANS and C. C. WILLIAMS for appellee.

· OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The Continental Coal Corporation desiring to open a new entry into its mine, made a contract with one Matt Anderson, by which he agreed to cut the entry at so much a yard, he employing his own hands, and doing the work in his own way, the company furnishing him the money to pay his hands. He cut the entry through but it was not as high as the contract required, and he was blasting down the roof to make the entry high enough. The miners in that part of the mine began coming through the entry in going out but he warned them that it was dangerous, as he was constantly blasting; so, they would holler when they approached, and would then go on through after thus giving notice of their coming. In this condition of things in January, 1909, Harlan Hounchell, Charles Cole and John Miller, who were miners, applied to the Continental Coal Company for work. The assistant foreman took them in the mine and showed them places he could give them. They accepted the places and said that they would go out and get their tools, and come back at dinner time to work. Miller then suggested that his brother James worked in the mine, and he would like to see his brother. There is some dispute in the evidence as to what followed. The evidence for the plaintiff is that the foreman said that he would take them to see James; that that was a near way out, and they could go out from there through the new entry; that when they got down near where James

Miller was at work, and when they were opposite the new entry, he pointed with his hand in that direction, and told them to go out there; that when they got to where Miller was at work, the boss was called off, and, when he left, told the men that when they got through the curtain at the new entry, they could see daylight, and would have no trouble in going on out. After staying with Miller for a few minutes, they started out, and as they were passing along the entry, Miller, who was in front, saw a light waving in front of them, and heard voices, but not knowing what it meant, he went on. The fact was that just as they entered the entry, Anderson had lighted a fuse to set off a blast, and just as they got opposite the place, it went off, throwing down a mass of rock which killed instantly Hounchell and Cole. Miller who was in front, was somewhat hurt, but not seriously.

The evidence for the defendant is to the effect that the foreman insisted upon their going out without going by to see James Miller, and that he did not say anything to them about going out at the new entry. The proof by both the parties is to the effect that Anderson and his man did all they could for the safety of the three men after they came through the curtain and into the new entry. The weight of the evidence sustains the plaintiff's testimony to the effect that the boss told them to go out by the new entry, and gave them no warning of any danger there, although it is very clear from his own evidence that he knew of the blasting and knew of the danger of going out that way. This suit was brought by Hounchell's administrator to recover for his death. The jury found for him and fixed the damages at $3,000. The Continental Coal Corporation appeals.

It is insisted for the defendant that the three men went to see James Miller of their own accord and for their own purposes; that the defendant was under no obligation to furnish them a safe place for the social visit to James Miller. This is true, but the three men had come to the mine to get work. They were strangers there and it was incumbent upon the defendant when it took the strangers into the mine, to show them how to get out. When the boss told them they could go by and see Miller, and could go from there by the new entry, pointing out with his hand the entry to them as they passed it, and telling them when he left them that when they passed the curtain they would see daylight, and would have no trouble

in going on out, they had a right to rely upon his statements. In telling them how to go out of the mine he was acting for his master, and discharging a duty, which under the circumstances, the law imposed upon the master; for although they had gone to see James Miller for social purposes, they had done this with the consent of the boss, and when he took them there the master cannot be excused if he misled them as to their safety by telling them to go out of the mine by a way which he knew to be unsafe. He knew the danger and they did not know it. He gave them no warning of it, although he told them to go out by the new entry.

It is also insisted that the men were guilty of contributory negligence, which caused them to be injured. The proof is clear that the waving of a lantern across an entry is a well known sign of danger in a mine, and there is no doubt that Anderson and his man waved the lights across the entry promptly when these men came through the curtain, and also used their voices as loud as they could. But neither Hounchell nor Cole are living. They were behind Miller, and they may not have seen the light as he was between them and it. Miller testified that he saw the light but did not distinguish what the voices meant, and that he thought the light was waved by a trapper as a joke. If these men had been warned of the danger they would have understood what the lights meant, and there would have been no such misunderstanding as occurred. After what had occurred between them and the boss, they would naturally not be on the lookout for danger. The law does not presume negligence, and we cannot say from the evidence that Hounchell should, as a matter of law, be held guilty of contributory negligence; for it may be that he neither saw nor heard anything of the signals, and we think it is reasonably certain from the evidence that he certainly did not understand them.

It is insisted that Anderson was an independent contractor, and that the company is not responsible for his negligence. But the case was not submitted to the jury on that idea. It was submitted to the jury only on the idea that the boss told the men to go out through that entry, and that Hounchell had not sufficient notice of the danger or sufficient warning of it, for him by ordinary care to protect himself from it, after the warning was given; the court in effect telling the jury that if they did not so find, their verdict should be for the defendant.

On the whole record we cannot say that the verdict is against the evidence.

Judgment affirmed.